## Ex parte José Rebollo López, Petitioner.

No. 93.—Decided February 24, 1934.

Mr. Chief Justice Del Toro delivered the opinion of the court.

José Rebollo López, a graduate from the American School of Correspondence of Chicago, Illinois, again requests that he be admitted to the practice of law without examination and invokes Act No. 78 of 1928, which in its pertinent part says:

" . . . any person who, being a citizen of the United States and a graduate in law from any accredited university of Europe or of the United States, proves to the satisfaction of the Supreme Court of Porto Rico that he has practiced for at least five (5) years in the office of any lawyer authorized by the Supreme Court of Porto Rico to practice his profession, . . . in both cases prior to the approval of this Act, may be admitted to practice law in the courts of Porto Rico, without an examination. . . . "

The petitioner alleges that he has been practicing law since November 25, 1924, in the office of a lawyer admitted to practice by this court, and this being the case, his own allegation shows that he did not take into account the five years of practice required by the very act he invokes which went into effect on May 11, 1928.

Neither has the petitioner proved that his case fulfills the other requirements of the act, that is, that he is a graduate from some accredited university of Europe or of the United States.

252

The cases of *In re Francisco López,* 34 P.R.R. 709, *Ex parte Enrique Ledesma,* decided January 25, 1926, and *Ex parte Rafael F. Marchán,* decided July 12, 1926, cited by the appellant, are quite distinct from his.

In the first, Francisco López showed that he had been graduated in law from the Northern Illinois College of Law, accredited, on May 24, 1912, more than ten years prior to the approval of Act No. 17 of 1925, and that he had practiced for at least five years in the offices of several lawyers authorized to practice their profession before this court.

In the second, Enrique Ledesma Figueroa proved that he had been graduated from the University of Barcelona, Spain, accredited, on March 30, 1894, more than ten years prior to the approval of Act No. 17 of 1925, and that he had practiced for at least five years in the office of an attorney authorized to practice before this Supreme Court.

And in the third, Rafael F. Marchán showed, as did the others, that he had been graduated in law, more than ten years prior to the approval of the Act, from an accredited college of the United States, the Northern Illinois College of Law, and that he had practiced in the office of an attorney authorized to practice before this court for at least five years prior to the approval of said act.

The statute applied in the cases of López, Ledesma, and Marchán, *supra,* was Act No. 17 of 1925 to amend section 4 of Act No. 38 of 1916, determining rules for the practice of law (Laws of 1925, p. 134). Said section was again amended by Act No. 78 of 1928 (Session Laws, p. 532), invoked by the petitioner, to require citizenship of the United States and to eliminate the requisite of graduation from an accredited university ten years previous to the time the act went into effect. The amendment favors the petitioner in the sense that if his diploma, issued in 1931, had been from an accredited university, it would have been sufficient; but the act as amended could never be applicable to his case because there remained the requisite of five years practice previous to the time the

law went into effect, a requisite which the petitioner does not meet.

Therefore, from whatever point of view the case is considered, the petition must be denied.